**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEYBANC CAPITAL MARKETS INC., | Case No. 1:25-cv-00579-PKC |
| Plaintiff-Counterclaim Defendant, | |
| -against- | **[PROPOSED] STIPULATED** **CONFIDENTIALITY /** **PROTECTIVE ORDER AND** **RULE 502(d) ORDER** |
| NOVEL ENERGY SOLUTIONS, LLC, | |
| Defendant-Counterclaim Plaintiff. | |

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1.      All documents and other materials produced in the course of discovery of this action will be disseminated and used by the recipient(s) of those materials (including the parties, their counsel, and others) only in connection with the prosecution or defense of the pending lawsuit.

2.      Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3.      Any party to this litigation, and any third-party, shall have the right to designate as "Confidential" and subject to this Order, any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection.

4.      Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER." With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5.      Any party to this litigation, and any third-party, shall have the right to designate as "Highly Confidential" and subject to this Order, any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party or a third party.

6.      Any party to this litigation or any third party covered by this Order, who produces or discloses any Highly Confidential material, including without limitation any information,

document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER." With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Highly Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Highly Confidential Information Governed by Protective Order" by the reporter.

7.      If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential, they may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order. If a party has disclosed such designated portion[s] of Discovery Material to anyone other than the individuals set forth in paragraph 5 below, that party shall make reasonable efforts to promptly retrieve such Discovery Materials, and inform any recipient of the terms of the Order.

8.      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a.      the parties to this action;

b.      counsel who represent Parties in this litigation (including in-house counsel), and the partners, counsel associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including

outside copying and litigation support services) who are assisting with the litigation;

c.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d.    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action (who does not fall within another subparagraph in this section), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e.    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f.    stenographers engaged to transcribe depositions conducted in this action;

g.    the Court and its support personnel; and

h.    Any other person only upon (i) order of the Court entered upon notice to the parties, or (ii) written stipulation of, or statement on the record by, the producing party who provided the Confidential Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

9.    No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except to:

a.    counsel who represent Parties in this litigation (including in-house counsel), and the partners, counsel associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the litigation;

b.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

c.    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action (who does not fall within another subparagraph in this section), only to the extent necessary to conduct or prepare for depositions or testimony or to prepare and submit declarations or affidavits in this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

d.    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, only to the extent necessary to conduct or prepare for depositions or testimony or to prepare and submit reports, declarations or affidavits in this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e.    stenographers engaged to transcribe depositions conducted in this action;

f.    the Court and its support personnel; and

g.    any other person only upon (i) order of the Court entered upon notice to the parties, or (ii) written stipulation of, or statement on the record by, the

producing party who provided the Confidential Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

10.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(e), 8(f), 8(h), 9(c), 9(d),9(e), or 9(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.    All Confidential and/or Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential and/or Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in accordance with paragraph 12 below and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

12.    Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to

use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

13.     Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

14.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential and/or Highly Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential or Highly Confidential document or information contained in any Confidential or Highly Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

15.     Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), and thereafter notifies the receiving party of the inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

17.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

18.     As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

19.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

20.     The production of privileged or work-product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

21.    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

22.    This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except that the parties' counsel may retain copies for its file, which copies will continue to be subject to the confidentiality protections of this Order.

23.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

 Dated: July 16, 2025

| | |
|---|---|
| **THOMPSON HINE LLP** | **DUNNING RIEVMAN & MACDONALD LLP** |
| */s/ Emily J. Mathieu* | */s/ Damian Vallejo* (per 07/16/25 email consent) |
| Emily J. Mathieu | |
| 300 Madison Avenue, 27th Floor | Brian C. Dunning |
| New York, NY 10017 | Damian Vallejo |
| T: (212) 344-5680 / F:  (212) 344-6101 | Catherine A. Zimmerman |
| Emily.Mathieu@ThompsonHine.com | 1350 Broadway, Suite 2220 |
| | New York, New York 10019 |
| Brian J. Lamb, *pro hac vice* | Telephone: (646) 873-7522 |
| Rebecca M. Pronesti, *pro hac vice* | bdunning@drmlaw.com |
| 3900 Key Center, 127 Public Square | dvallejo@drmlaw.com |
| Cleveland, OH 44114-1291 | czimmerman@drmlaw.com |
| T: (216) 566-5500 / F: (216) 566-5800 | |
| Brian.Lamb@ThompsonHine.com | *Attorneys for Defendant-Counterclaim* |
| Rebecca.Pronesti@ThompsonHine.com | *Plaintiff Novel Energy Solutions, LLC* |
| | |
| *Attorneys for Plaintiff-Counterclaim* | |
| *Defendant KeyBanc Capital Markets Inc.* | |

**SO ORDERED.**

P. KEVIN CASTEL, U.S.D.J.

Dated:  July 17, 2025

New York, New York

10

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEYBANC CAPITAL MARKETS INC., | Case No. 1:25-cv-00579-PKC |
| Plaintiff-Counterclaim Defendant, | **WRITTEN ASSURANCE OF** |
| | **NON-DISCLOSURE** |
| -against- | |
| NOVEL ENERGY SOLUTIONS, LLC, | |
| Defendant-Counterclaim Plaintiff. | |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation, and only as explicitly permitted by the Protective Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
(Printed Name)

_____                Date: _____
(Signature)